UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERLON K. CRAIN**     **D.O.C. # 91405** | : | **DOCKET NO. 15-cv-2402** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **RICHARD STALDER** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the *pro se* civil rights suit filed by plaintiff Derlon K. Crain ("Crain"). Crain is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDPSC") and is incarcerated at Union Parish Detention Center in Farmerville, Louisiana. He complains of events that occurred while incarcerated at Calcasieu Parish Prison ("CPP") in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Crain raises claims against the LDPSC Secretary. Doc. 1, pp. 3–5. He originally named former LDPSC Secretary Richard Stalder ("Stalder") as his defendant. *Id.* On February 29, 2016, the court directed the clerk of court to serve Crain with service documents for the LDPSC Secretary. Doc. 10. Therein the court advised Crain that, as Stalder left office in 2008, it assumed that he meant to name the current LDPSC Secretary James LeBlanc ("LeBlanc"). *Id.* at 1 n. 1. If such was the case, Crain was instructed to complete the service form to reflect the correct defendant. *Id.*

On March 10, 2016, the court received Crain's completed forms substituting LeBlanc for Stalder. Doc. 13. However, Crain's forms also requested service on the "Director" of the LDPSC, "name unknown." *Id.* at 2. Crain is again advised, as he was in this court's service order [doc. 24] in *Crain v. Mancuso*, No. 15-cv-2290 (W.D. La.), that he must specify the individuals against whom he raises allegations. A plaintiff may use placeholders for identities of defendants at the start of litigation. *Fowler v. City of Natchitoches ex rel. Natchitoches Police Dep't*, 2013 WL 791542, *3 (W.D. La. March 4, 2013). However, amendments to substitute the actual names of defendants for a placeholder will not relate back to the date of filing for the original petition. *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1988).

The limitations period for a § 1983 action in this court is governed by the forum state's statute of limitations for personal injury claims. *Id.* at 318-319 (noting, however, that federal law governs when the claim accrues). In Louisiana that period is one year. *Id.* at 319. Accordingly, Crain must uncover the identities of any other individuals that he wishes to sue and amend his complaint to name them before his claims prescribe under Louisiana law.

In order for this court to proceed with this matter,

**THE CLERK IS DIRECTED** to serve defendant LeBlanc in the manner ordered by this court in the memorandum order issued on February 29, 2016. Doc. 10.

**THE CLERK IS FURTHER DIRECTED** to include a copy of this memorandum order along with the documents to be served on defendant LeBlanc.

THUS DONE this 25th day of April, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE