UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


DERLON K. CRAIN                  :          DOCKET NO. 15-cv-2402
       D.O.C. # 91405                                SECTION P

VERSUS                           :          JUDGE TRIMBLE


JAMES LEBLANC ET AL.             :          MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


Before the court is a Motion to Dismiss and Motion for a More Definite Statement [doc. 30] filed under Rules 12(b) and 12(e) of the Federal Rules of Civil Procedure by defendants James LeBlanc ("LeBlanc") and Seth Smith ("Smith") (collectively, "defendants"). These motions come in response to a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Derlon K. Crain ("plaintiff"). For the reasons below, we recommend that the Motion to Dismiss be **GRANTED** and the Motion for a More Definite Statement be **DENIED AS MOOT**.

I.
BACKGROUND

The plaintiff, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("LDPSC"), was incarcerated at the Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana, for a period. Doc. 1, pp. 2, 4. He contends that he was not screened for tuberculosis upon entering CCC and was housed in an open dormitory while there. *Id.* at 4. The plaintiff states that, upon his transfer to Hunt Correctional Center in Baton Rouge, Louisiana, he tested positive for active tuberculosis. *Id.* He now brings suit against LeBlanc, Secretary of the

LDPSC, and Smith, LDPSC Chief of Operations, alleging that they are responsible for his tuberculosis infection.[1]

The defendants filed the instant motions, seeking dismissal of the complaint or, in the alternative, a more definite statement from the plaintiff. Doc. 30. The plaintiff has not filed any opposition thereto and his time for doing so has passed. Instead he filed a motion to amend his complaint, specifically addressing the grounds for the instant motion, which this court granted. Docs. 33, 35. Accordingly, we review the amended complaint in order to determine if grounds for relief exist on the defendants' motions.

## II.
### LAW & ANALYSIS

The defendants move to dismiss the case on the grounds that the plaintiff has not exhausted his administrative remedies and fails to state a claim for which relief can be granted. Because administrative exhaustion is an affirmative defense, we review this claim first and will only consider the plaintiff's failure to state a claim and the Motion for a More Definite Statement if we find that the plaintiff has exhausted his administrative remedies.

Although plaintiffs in a § 1983 action are not generally required to pursue any pre-suit remedies, prisoner suits are an exception to this rule. *Porter v. Nussle*, 122 S.Ct. 983, 987–88 (2002). Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), inmates "must properly exhaust" available administrative remedies before filing a § 1983 claim relating to prison conditions. *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010) (internal citations omitted). However, the courts recognize exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or

---

[1] The prisoner also has a separate suit against Tony Mancuso, Calcasieu Parish sheriff, based on the same allegations. *See Crain v. Mancuso*, No. 2:15-cv-2290 (W.D. La).

where the attempt to exhaust such remedies would itself be a patently futile course of action."

*Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). Because exhaustion is an affirmative

defense, the burden is on the defendants to demonstrate the plaintiff's failure to exhaust. *Dillon*,

596 F.3d at 266 (citing *Jones v. Bock*, 127 S.Ct. 910, 921–22 (2007)).

Here the defendants provide an affidavit from Rhonda Weldon, a paralegal for the LDPSC

Office of Legal Services. Doc. 30, att. 1. She asserts that she cannot locate any record of an

administrative remedy procedure filed by the plaintiff in this matter. *Id.* The plaintiff maintains

that he filed a grievance relating to being in a "danger zone" before he sustained his alleged

injuries. Doc. 35, p. 4. He states that he properly exhausted the review procedure through the filing

of this grievance but does not have any records of what he filed. *Id.*

A primary goal of the exhaustion requirement is to promote judicial efficiency. *McCarthy*

*v. Madigan*, 112 S.Ct. 1081, 1086 (1992). "When an agency has the opportunity to correct its own

errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."

*Id.* at 1086–87. The PLRA does not require "[p]erfect overlap" between the grievance and the

complaint. *Jackson v. Ivens*, 244 Fed. App'x 508, 513 (3d Cir. 2007) (unpublished). However,

"[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair

opportunity to consider the grievance." *Woodford v. Ngo*, 126 S.Ct. 2378, 2388 (2006).

By his own admission, the plaintiff only pursued available administrative remedies before

his infection was discovered. Doc. 35, p. 4; doc. 1, pp. 2, 4. The basis of his claim – that his Eighth

Amendment rights were violated when he was exposed to tuberculosis and then contracted the

disease at CCC – developed significantly after the aforementioned grievance was filed. The

plaintiff's failure to file another grievance after this discovery prevented the agency from acting

on the allegations for which he now seeks relief.

Accordingly, we conclude, plaintiff's complaint was not properly presented for administrative review. He fails to allege any grounds for an exception. The case should therefore be dismissed without prejudice due to plaintiff's failure to exhaust administrative procedures.

### IV.
#### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 30] be **GRANTED**, that the Motion for a More Definite Statement [doc. 30] be **DENIED AS MOOT**, and that this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS RECOMMENDED** that  plaintiff's  civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1) and 28  U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

-5-

THUS DONE this 31 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE